UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD COHN, INC. d/b/a SPROUTS FARMERS MARKET, a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SPROUTS FARMERS MARKETS, INC., a Delaware corporation; f/k/a and d/b/a SPROUTS FARMERS MARKETS, LLC, a Delaware limited lability company,<br><br>Defendants. | Case No.: 19cv848-JAH (RBB)<br><br>**ORDER GRANTING PRELIMINARY INJUNCTION** |

## **INTRODUCTION**

Before the Court is Plaintiff RONALD COHN, INC. d/b/a SPROUTS FARMERS MARKET's ("Cohn") Application for Temporary Restraining Order and Order to Show Cause Why Preliminary Injunction Should Not Issue against Defendant SPROUTS FARMERS MARKET, INC. f/k/a and d/b/a SPROUTS FARMERS MARKETS, LLC ("Sprouts"). (Doc. No. 22.)

Having found Cohn made a sufficient showing of irreparable harm and raised serious issues going towards the merit of Cohn's claims, the Court issued a Temporary Restraining Order ("TRO") and further ordered Sprouts to show cause why a preliminary injunction should not issue. (Doc. No. 23.)

Sprouts filed its opposition on February 20, 2020 (Doc. No. 24) and Cohn filed its reply on February 25, 2020 (Doc. No. 25). On March 2, 2020, the parties, by and through their counsel, appeared before the Court and presented oral argument.

Good cause appearing and for the reasons discussed herein, including the Court's previously-issued TRO, the preliminary injunction is GRANTED.

## BACKGROUND

On May 6, 2019, Cohn filed this action against Sprouts alleging claims for violation of California's Unfair Competition Law (Bus. & Prof. Code § 17200), breach of the covenant of good faith and fair dealing, and tortious interference, among other claims. In October 1990, Sprouts' predecessor, Boney's Services, Inc. entered into a Tradename License Agreement with Cohn for the operation of a grocery store in Chula Vista, California. Boney's Services, Inc. and Cohn entered into a second Tradename License Agreement in September 1995 allowing Cohn to open and operate a second store in Chula Vista, California. In 1997, the two Tradename License Agreements were amended to reflect a tradename change from "Boney's Services, Inc." to "Henry's Marketplace, Inc." In 2011, Sprouts acquired the brand and again amended the two Tradename License Agreements (together with its amendments and addendums, the "TLA").

Cohn now seeks preliminary injunctive relief alleging that since the filing of this action, Sprouts has taken increasingly aggressive retaliatory action against Cohn, including but not limited to performing various unannounced safety audits based on undisclosed standards and subsequently threatening to terminate the current TLA between the Parties.

## LEGAL STANDARD

Pursuant to Rule 65 of the Federal Rules of Civil Procedure, the Court may grant preliminary injunctive relief in order to prevent "immediate and irreparable injury." Fed. R. Civ. P. 65(b).

The Ninth Circuit recognizes two tests for demonstrating preliminary injunctive relief: the traditional test or an alternative sliding scale test. *Cassim v. Bowen*, 824 F.2d

791, 795 (9th Cir. 1987). Under the traditional test, a party must show: "1) a strong likelihood of success on the merits, 2) the possibility of irreparable injury to plaintiff if preliminary relief is not granted, 3) a balance of hardships favoring the plaintiff, and 4) advancement of the public interest (in certain cases)." *Save Our Sonoran, Inc. v. Flowers*, 408 F.3d 1113, 1120 (9th Cir. 2005). Where a party demonstrates that a public interest is involved, a "district court must also examine whether the public interest favors the plaintiff." *Fund for Animals, Inc. v. Lujan*, 962 F.2d 1391, 1400 (9th Cir. 1992).

Alternatively, a party seeking injunctive relief under Fed. R. Civ. P. 65 must show either (1) a combination of likelihood of success on the merits and the possibility of irreparable harm, or (2) that serious questions going to the merits are raised and the balance of hardships tips sharply in favor of the moving party. *Immigrant Assistance Project of the L.A. County of Fed's of Labor v. INS*, 306 F.3d 842, 873 (9th Cir. 2002); *Sun Microsystems, Inc. v. Microsoft Corp.*, 188 F.3d 1115, 1119 (9th Cir. 1999); *Roe v. Anderson*, 134 F.3d 1400 ,1402 (9th Cir. 1998). "These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases.'" *Roe*, 134 F.3d at 1402 (*quoting United States v. Nutri-cology, Inc.*, 982 F.2d 394, 397 (9th Cir. 1992)). "Thus, 'the greater the relative hardship to the moving party, the less probability of success must be shown." *Sun Microsystems*, 188 F.3d at 1119 (*quoting Nat'l Ctr. For Immigrants Rights v. Immigration and Naturalization Service*, 743 F.2d 1365, 1369 (9th Cir. 1984)).

The Ninth Circuit makes clear that a showing of immediate irreparable harm is essential for prevailing on a request for preliminary injunctive relief. *See Caribbean Marine Services Co. v. Baldrige,* 844 F.2d 668, 674 (9th Cir. 1988). "Speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction." *Id.* Thus, a plaintiff must show the presence of an "immediate threatened injury as a prerequisite to preliminary injunctive relief." *Id.* (*citing Los Angeles Memorial Coliseum Commission v. National Football League*, 634 F.2d 1197, 1201 (9th Cir. 1980)).
///

## DISCUSSION

Cohn seeks to enjoin Sprouts from (1) taking any additional audits of its stores until after Sprouts has (a) completely disclosed all current safety auditing standards to Cohn and (b) allowed Cohn a reasonable period of not less than thirty (30) days to bring its stores into compliance under those standards; (2) conducting additional safety audits based on those standards not disclosed to Cohn; (3) terminating the TLA based on any safety audits conducted on Cohn's stores if the operative audit standards were not disclosed to Plaintiff in advance; and (4) instructing its vendors, including its sign vendors, to cease doing business with Cohn and advising each of its vendors of the Court's order with respect to this issue. (Doc. No. 22 at 3.) Sprouts opposed Cohn's request, arguing that (1) the requested relief is moot because Sprouts has already offered to meet with Cohn and hold further audits in abeyance until at least 30 days following the meeting, (2) the requested relief is contrary to public interest, (3) Cohn cannot demonstrate a likelihood of success on the merits, and (4) Cohn cannot demonstrate irreparable harm. (Doc. No. 24 at pg. 7-12.)

The Court finds that the preliminary injunctive relief requested is not moot. The Court is particularly concerned the actions taken by Sprouts appear to be retaliatory in nature and counsel for Sprouts' willingness to cooperate does not mitigate that retaliation.

Sprouts contends that issuance of a preliminary injunction is contrary to public interest because it could prevent the Cohn stores from being audited during the duration of this action. However, Cohn is not seeking a blanket prohibition on audits; rather, it seeks disclosure of all audit standards in advance, along with a reasonable time to comply. Cohn's intent to continue to comply with Sprouts' safety standards negates the public interest concerns raised by Sprouts. Further, because the TLA is a private agreement between Cohn and Sprouts, the reach of the preliminary injunction will be limited to Cohn and Sprouts under the terms of the TLA. Thus, public interest is not a dominant consideration and does not weigh against the issuance of a preliminary injunction.

Cohn has asserted claims for violation of California's Unfair Competition Law, breach of the covenant of good faith and fair dealing, and tortious interference, among

4

other claims. (*See* Doc. No. 1.) Sprouts has filed a motion to dismiss five of the six claims for relief and a motion to strike as to one of the claims. (*See* Doc. Nos. 8 and 11.) Although Sprouts contends Cohn has not demonstrated a likelihood of success on the merits, Cohn nevertheless satisfies the minimum threshold of raising serious questions going to the merits.

The balance of hardships tips sharply in Cohn's favor. *Alliance for the Wild Rockies*, 865 F.3d at 1217; *Immigrant Assistance Project*, 306 F.3d at 873. Cohn has demonstrated irreparable harm as a result of (1) Sprouts' threats of imminent termination of the TLA due to Cohn's inability to pass audits based upon new, undisclosed audit standards and (2) Sprouts' instructions to its vendors to cease, temporary or otherwise, doing business with Cohn. Sprouts' actions are intended to cause business loss, damage, loss of prospective customers, goodwill, and the demise of Cohn's business, are indicative of retaliation, and not speculative. *Stuhlbarg International Sales Co. Inc. v. John D. Brush and Co., Inc.,* 240 F.3d 832, 840 (9th Cir. 2001); *National Center for Immigrants Rights*, 743 F.2d at 1369 (the greater the relative hardship to the moving party, the less probability of success on the merits must be shown) (citation omitted). On the other hand, the harm to Sprouts in issuing the preliminary injunction is minimal at best. It will continue to receive royalty payments and could continue to conduct regular audits of the Cohn stores to ensure compliance so long as the audit is based on standards disclosed to Cohn in advance.

Finally, because Cohn stands to imminently suffer the termination of the TLA, it has established that a significant possibility exists it will suffer irreparable harm if the Court does not issue a preliminary injunction. Sprouts' continuous auditing of Cohn's stores based on undisclosed standards and threatening to terminate the TLA between the parties is sufficient irreparable harm. *See Stuhlbarg*, 240 F.3d at 840 ("Evidence of threatened loss of prospective customers or goodwill certainly supports a finding of the possibility of irreparable harm.").

///

///

The Court thereby **GRANTS** Cohn's Motion for a Preliminary Injunction. (Doc. No. 22). Accordingly, **IT IS HEREBY ORDERED** that:

1. Sprouts and their agents, assignees, officers, attorneys, and representatives are restrained and enjoined from undertaking any operational or safety audits of Cohn's stores based upon standards not disclosed in advance and without allowing Cohn a reasonable time of not less than 30 days to bring its stores into compliance with the new standards.
2. Sprouts is enjoined from utilizing the audit reports from September 2019 and January 2020 to terminate the TLA during the course of this litigation.
3. Sprouts is enjoined from instructing its vendors, including its sign vendors, to cease doing business with Cohn and must immediately advise each of its vendors that any previously issued instructions to cease doing business with Cohn are no longer in effect.
4. The Court's Order will remain in full force and effect during the course of this litigation or until further order of the Court.

**IT IS SO ORDERED.**

DATED: March 6, 2020

Hon. John A. Houston
United States District Judge